*AUDILETT LAW PC*
335 NORTH WILMOT RD SUITE 500
TUCSON, ARIZONA 85711-2636
(520) 748-2440
Email:  daa@audilettlaw.com

Daryl A. Audilett, Esq.
State Bar No. 009007; PCC No. 2036
Attorney for Defendants Graham County, Graham County Sheriff P.J. Allred, Arthur Perez, Jr.; Jane Doe Perez aka Maribel Perez; Rose Mary Juarez-Lacey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Sanchez, an adult individual,<br><br>Plaintiff,<br><br>v.<br><br>Graham County, a government entity; Graham County Sheriff P.J. Allred, a government officer/jural entity; Arthur Perez, Jr. and Jane Doe Perez, husband and wife; Rosemary Juarez-Lacey and John Doe Juarez-Lacey, wife and husband;<br><br>Defendants. | NO.  CV 21-00073-TUC-JCH-PSOT<br><br>ANSWER OF DEFENDANTS GRAHAM COUNTY, GRAHAM COUNTY SHERIFF P.J. ALLRED, ARTHUR PEREZ, JR. AND JANE DOE PEREZ (AKA MARIBEL PEREZ) AND ROSE MARY JUAREZ-LACEY<br><br>(Jury Trial Requested)<br><br>(Honorable John C. Hinderaker) |

Defendants Graham County; Graham County Sheriff P.J. Allred; Arthur Perez, Jr. and Maribel Perez, aka Jane Doe Perez; and Rose Mary Juarez-Lacey answer Plaintiff Deborah Sanchez's First Amended Complaint as follows:

1.      Upon information and belief, admit that Plaintiff Deborah Sanchez is the natural mother of decedent Jorden Simms.  No birth certificate or DNA testing has been

provided to prove that Deborah Sanchez is the biological mother of Jorden Simms. Deny that Plaintiff Sanchez has claims of wrongful death.

2. Upon information and belief, admit that Plaintiff was and is a resident of the State of Arizona.

3. Admit that Defendant Graham County is a governmental entity and that Sheriff Allred is a government officer and a jural entity.

4. Defendant Arthur Perez, Jr. is married to Maribel Perez.

5. Admit that Defendant Arthur Perez was acting in the course and scope of his employment and under color of state law.

6. Rose Mary Juarez-Lacey is not married.

7. Admit that Defendant Lacey was acting in the course and scope of her employment and under color of state law.

8. Object that this statement is too broad and not sufficiently specific to allow an answer, and therefore it is denied.

9. Admit that the lawsuit alleges that certain facts occurred in the State of Arizona.

10. Since this case involves Federal Question Jurisdiction, jurisdictional limits are not implicated.

11. Since this case has been moved to federal court, the state rules on Tier 3 cases do not apply.

12. It is well known as stated in further paragraphs in Plaintiff's First Amended Complaint that Jorden Simms died when she slipped out of her wrist cuffs, belly chain, and ankle cuffs, undid her seat belt, opened the rear door and leapt from the transport vehicle, thereby suffering fatal injuries. Plaintiff's reference to "informational disadvantage" does not implicate any misconduct on the part of any of the Defendants, and in any event, Defendants deny Plaintiff's claim of "informational disadvantage."

13. Admit that on December 21, 2019 Jorden Simms was arrested by Safford Police Officer French for shoplifting at Walmart in Safford, Arizona, and for an outstanding Yavapai County arrest warrant. Simms complained of stomach pain and made claims of being pregnant, which was not true, since the autopsy on Jorden Simms later revealed that she had previously had a tubal ligation. Officer French took Simms to the Mt. Graham Regional Medical Center in Safford, where she was examined and released for incarceration. Approximately two days later, Jorden Simms made statements to Graham County Sheriff's Office (GCSO) personnel accusing Officer French of sexually assaulting her while she was at the hospital on December 21, 2019, which all subsequent investigations, forensic sexual assault examination, autopsy, and DNA testing proved to be false.

14. Deny that Jorden Simms' false allegations against Officer French placed her in a delicate and fragile mental state that caused her to fear law enforcement and fear for her safety while in law enforcement custody.

15. Deny. Jorden Simms was taken to the Graham County Jail on an outstanding warrant from Yavapai County, not because of Jorden Simms' falsely alleged sexual assault

by Officer French. Simms was arrested on Dec. 21, 2019. It was not until December 23, 2019 that Simms falsely accused Officer French of sexually assaulting her.

16. Deny. Simms was booked into the jail on Dec. 21, 2019 for shoplifting at Walmart in Safford and for the Yavapai County arrest warrant. It was not until December 23, 2019 that Simms made allegations to GCSO that Officer French had sexually assaulted her on December 21, 2019. Simms was transported by Safford PD officers to the Sierra Vista forensic sexual assault clinic "Lori's Place" where Simms was examined. Subsequent investigations determined that she had not been sexually assaulted by Officer French. Safford PD officers returned Simms to the Graham County jail arriving on December 24, 2019 at approximately 0355 hours. At approximately 0357 hours, during the jail intake process, a female detention officer escorted Simms into a shower room to change into her suicide watch gown. At approximately 1957 hours on December 25, 2019, Simms accused that female corrections officer of sexually assaulting her in that shower room by putting some unknown object into her rectum. On December 26, 2019, Simms was again taken to "Lori's Place," the forensic sexual assault clinic in Sierra Vista, by GCSO Deputy Lacey and GCSO Detention Sgt. Perez, where an examination took place. That examination and subsequent investigation determined there was no evidence of sexual assault. Defendants deny that these series of events and false accusations of sexual assault increased or caused her to fear law enforcement and fear for her safety.

17. The placement of Simms on suicide watch occurred on December 22, 2019 after she made statements of self-harm if she remained in her current cell. However, on

December 26, 2019, at approximately 0815-0824, Psychiatrist Laurence Schiff evaluated Simms and concluded that Simms "is well related, not suicidal. She is not psychotic, judgment seems fair."

18. On December 26, 2019, in the afternoon, Simms was transported by Detention Sergeant Arthur Perez and Deputy Rose Mary Lacey to Lori's Place, the forensic sexual assault clinic, where Simms was examined, thus making it the second time in just a few days that Simms made sexual assault allegations against two separate law enforcement officers.

19. Admit that Simms was on "red tag" status.

20. Admit that Jorden Simms was transported by Deputy Lacey and Detention Sgt. Perez with wrist cuffs, connected to a belly chain secured around her waist, and ankle cuffs. The vehicle was locked by Sergeant Perez, all doors.

21. Deny that the vehicle used to transport Simms was not properly equipped to transport an inmate such as Simms.

22. Deny. Defendant Lacey was a trained, seasoned, veteran deputy who worked patrol and other duties outside the jail. She was not a detention officer. As a patrol deputy Lacey did not use the combination of the wrist cuff, belly chain, ankle cuff assembly in her patrol duties. On this occasion, Deputy Lacey primarily drove the vehicle and attended the physical examination where Simms would be unclothed for the examination. Detention Sgt. Perez was a trained, seasoned, veteran detention officer. The claim that Defendant Lacey didn't know how to assemble all the cuffs and chains is eclipsed and rendered irrelevant by the fact that the chains and cuffs were installed correctly, and all restraints were checked,

adjusted, and fitted by Detention Sgt. Perez, who was very familiar with those restraint devices. These types of restraints are uniquely applicable to a jail or prison setting versus arrests made outside the jail by a Patrol Deputy like Defendant Lacey.

23. Admit that Defendants Perez and Lacey were transporting Simms to the Mt. Graham Medical Center when Simms slipped the restraints sometime during that transport and threw herself out of the backseat of the transport vehicle.

24. Admit that Simms was allowed to go into a bathroom alone at Lori's Place, but the door was kept ajar, slightly open. The employee at Lori's Place told Deputy Lacey that there was nothing in the bathroom that could hurt Simms. Deputy Lacey performed a pat down search of Simms before Simms was placed into the vehicle for transport back to Safford.

25. Deny. Deputy Lacey performed a pat down search of Simms before Simms was placed into the vehicle for transport back to Safford.

26. Deny wrongful conduct alleged against Deputy Lacey and Detention Sgt. Perez. Deputy Lacey was driving the vehicle. Detention Sgt. Perez did give attention to Simms both visually and verbally. This transport occurred after dark and it was dark inside the vehicle.

27. Admit that Jorden Simms ejected herself from the transport vehicle and later died from those injuries.

# COUNT I

**(Negligence and Gross Negligence – Defendants Graham County and Graham County Sheriff P.J. Allred)**

28. Defendants' duty is defined by law, and it is not always possible or reasonable to be able to prevent someone in custody from injuring themselves. These defendants deny breaching any duty to Simms and deny causing Simms injury. These defendants acted reasonably under the circumstances. Simms' injuries and death were caused by her own acts, that were unforeseeable.

29. Deny.

30. Deny.

31. Deny.

# COUNT II

**(42 USC § 1983 – Defendants Perez and Lacey)**

32. Defendants deny committing or causing a constitutional violation under the Fourteenth Amendment and 42 USC § 1983.

33. Admit that Defendants were in the course and scope of their employment and acting under color of law. Defendants deny committing or causing a constitutional violation.

34. Deny that Simms was at a heightened risk of suicide. Admit that Simms was on "red tag" status.

35. Deny.

36. Deny.

# COUNT III

**(42 USC § 1983 – Defendants Graham County and Graham County Sheriff P.J. Allred)**

37. Deny committing or causing a constitutional violation under the 14th Amendment and 42 USC § 1983.

38. Deny committing or causing a constitutional violation under the 14th Amendment and 42 USC § 1983.

39. Deny, and affirmatively state that Deputy Lacey and Detention Sgt. Perez did exercise the proper level of care, control, and supervision, and did not place Simms at an increased risk of self-harm. Simms caused her injuries and death despite the reasonable efforts of the officers.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Defendants also request a jury trial.

**AFFIRMATIVE DEFENSES**

50. Jorden Simms' comparative fault that caused her death is imputed to Plaintiff.

51. Jorden Simms' negligent, grossly negligent, intentional conduct that caused her death is imputed to Plaintiff.

52. Jorden Simm's contributory negligence that caused her death is imputed to Plaintiff.

53. Jorden Simms' failure to mitigate damages, which is imputed to Plaintiff.

54. Jorden Simms' assumption of the risk, which is imputed to Plaintiff.

55. Jorden Simms' conduct constitutes an intervening superseding cause that breaks any chain of causation relative to the conduct of the Defendants.

56. Graham County is not a proper defendant since Graham County has no control over Sheriff Allred and his officers. Sheriff Allred is the proper defendant and jural entity for respondeat superior lawsuits against him and tort claims against his officers. See *Fridena v. Maricopa County*, 18 Ariz.App. 527, 530, 504 P.2d 58, 61 (1972); *Yamamoto v. Santa Cruz County Board of Supervisors*, 606 P.2d 28 (Div. 2, 1979).

57. ARS 12-712 (A) provides that the finder of fact may find in favor of the defendants if Jorden Simms was attempting to commit or committing or immediately fleeing from a felony criminal act and was at least fifty percent responsible for the accident or event that caused her death, and this is imputed to Plaintiff.

58. ARS 12-712 (B) provides that the finder of fact may find the defendants not liable if the defendants prove the defendants did not act intentionally and the decedent was

attempting to commit or committing or immediately fleeing from a misdemeanor criminal act and as a result the decedent was at least fifty per cent responsible for the accident or event that caused the decedent's death.

59. The conduct of Jorden Simms in attempting to escape from lawful custody is a felony under ARS 13-2503 and 13-2504 which trigger the application of ARS 12-712 (A) and (B).

60. Qualified Immunity.

61. The First Amended Complaint fails to state a claim against the Defendants for constitutional violation inasmuch as the conduct of the Defendants does not rise to the standard required to sustain a constitutional violation, namely "deliberate indifference."

**GENERAL DENIAL**

62. Defendants deny all allegations and assertions in the First Amended Complaint not expressly admitted herein.

**JURY TRIAL DEMAND**

63. Defendants demand a jury trial on all issues.

Wherefore Defendants request that this cause of action be dismissed with prejudice and that these Defendants be awarded judgment against the Plaintiff for costs.

///

*Sanchez v Graham County, et al.*
United States District Court No. CV 21-00073-TUC-JCH-PSOT

DATED this 18th day of February, 2021.

*AUDILETT LAW PC*

/s/ Daryl Audilett
_____
Daryl A. Audilett
Attorney for Defendants Graham County; Graham County Sheriff P.J. Allred; Arthur Perez, Jr.; Jane Doe Perez aka Maribel Perez; Rose Mary Juarez-Lacey

CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David J. Catanese, Esq.
Zachar Law Firm, PC
P.O. Box 47640
Phoenix, AZ 85020
**Plaintiff's Attorney**

Benjamin Taylor, Esq.
Taylor & Gomez, LLP
2600 N. 44th Street, Suite B-101
Phoenix, AZ 85008
**Plaintiff's Attorney**

By /s/ Karen Audilett